# Jeffrey and Donna Creighton v. Town of Windsor

[577 A.2d 681]

No. 89-237

Present: Allen, C.J., Peck, Dooley and Morse, JJ.

Opinion Filed April 20, 1990

Motion for Reargument Denied May 16, 1990

*William J. Donahue,* White River Junction, for Plaintiffs-Appellants.

*Jeffrey W. White* of *Theriault & Joslin, P.C.,* Montpelier, for Defendant-Appellee.

**Dooley, J.** Plaintiffs, Jeffrey and Donna Creighton, appeal from a summary judgment by the Windsor Superior Court in favor of defendant, the Town of Windsor, in a suit in which plaintiffs sought damages arising from a sewage blockage, asserting that the town breached its duty to maintain the sewer system against back-ups. We reverse and remand.

The Town of Windsor operates a municipal sewage system. Plaintiffs own a home on Central Street, which is connected to the town's six-inch sewer main through their four-inch pipe. The six-inch main, which has been under the plaintiffs' property since 1948, connects to a twenty-four-inch line coming from the north end of Central Street and running south toward the sewage treatment plant. The six-inch main services two additional residences and a church and parsonage. On December 22, 1986, it backed up and, as a result, raw sewage ran out of the plaintiffs' ground floor commode and into their home.

Plaintiffs brought suit against defendant, alleging initially that the sewer back-up was caused by the negligent operation and maintenance of its sewage system and that the damage in plaintiffs' house was caused by the actions of defendant's agents in attempting to eliminate the back-up.[1] The complaint also included a count alleging breach of an implied contract to provide reasonable sewage disposal services.[2]

Relying on the deposition of its public works director, defendant moved for summary judgment. Plaintiffs responded with affidavits from a neighbor who lives directly across the street from plaintiffs and from a master plumber.

---

[1] Plaintiffs have not pursued either here or in the trial court the claim based on the action of defendant's agents in attempting to eliminate the blockage once they received notice of it. We have, therefore, not considered this claim.

[2] By subsequent amendment to the complaint, plaintiffs sought a declaration that it could plug defendant's six-inch sewer main where it ran under plaintiffs' land since it was placed there without an easement and was not being maintained. In response to defendant's motion for summary judgment, the trial court ruled that the town had acquired an easement by prescription for the use and maintenance of the line and granted judgment to defendant on the added count. Plaintiffs have not appealed this ruling.

Defendant relied on a number of statements in the deposition of the public works director. The director stated that the town had received five or six complaints of sewage back-ups on Central Street over the past twenty-five years. However, the back-ups were caused by a surcharge of storm waters which occurred when the sewer pipes overflowed due to heavy rainfall. According to the director, there had been no back-ups caused by obstructions in the pipes in the area.

Plaintiffs responded with an affidavit from a neighbor stating that he had experienced a severe blockage ten or twelve years earlier and that he had notified the town fire chief. A second affidavit from a plumber stated that the town was providing poor service, that it was not meeting its obligation to keep the system in adequate repair, that it did not know where the lines were and that it should perform dye tests to determine where the lines were.

The town then submitted an affidavit of the public works director stating that he could find no record of a sewer back-up at the neighbor's residence and, in any event, a back-up at the neighbor's residence could not cause one at the plaintiffs' residence.

The trial court granted the motion for summary judgment, holding that the town was not liable because it never had notice of the existence of an obstruction in one of its sewers as required by *Stoneking v. Orleans Village*, 127 Vt. 161, 167, 243 A.2d 763, 767 (1968). The court found that the neighbor's affidavit did not create a genuine issue of fact as to notice because it was not based on personal knowledge and was too vague in locating the blockage. The court stated "a blockage somewhere in the system, twelve years ago, is not notice of this blockage in 1986." The court rejected the theory that defendant was responsible for not finding the cause of the blockage earlier and ruled that the plumber's affidavit did not raise a genuine issue as to defendant's responsibility. Finally, the court rejected plaintiffs' argument that Vermont law should require defendant to make a "reasonable, periodic inspection."

Plaintiffs argue on appeal that the grant of summary judgment was improper, for three reasons: (1) the town had con-

structive notice of the blockage; (2) the town had a duty to periodically inspect its municipal sewage system; and (3) plaintiffs should be allowed to recover on a theory of implied contract.

When considering the correct disposition of a summary judgment motion, we apply the same standard upon review as applied by the trial court. See *Thomas v. Farrell*, 153 Vt. 12, 14, 568 A.2d 409, 410 (1989); *Cavanaugh v. Abbott Laboratories*, 145 Vt. 516, 520, 496 A.2d 154, 157 (1985). The standard is as follows:

> In order to succeed on a motion for summary judgment, the moving party must satisfy a stringent two-part test: first, no genuine issue of material fact must exist between the parties, and second, there must be a valid legal theory that entitles the moving party to judgment as a matter of law.

*Price v. Leland*, 149 Vt. 518, 521, 546 A.2d 793, 796 (1988); see also Reporter's Notes to V.R.C.P. 56(c).

Vermont law on municipal sewer blockage liability has been summarized as follows:

> Liability arises, of course, where it is shown that a municipality had actual or constructive notice of the existence of an obstruction in one of its sewers and fails to act. . . . A municipality is not liable for damage resulting from the clogging of a drain or sewer, if there is no negligence on its part either in the prevention or the removal of the obstruction.
>
> In the construction and maintenance of sewers and drains such a corporation is required to exercise needful prudence, watchfulness, and care.
>
> Ordinary or reasonable care and diligence are the standard of municipal duty in this respect, by which is meant such as a [person] of average prudence and discretion would exercise to protect his [or her] own property under like conditions.

*Stoneking v. Orleans Village*, 127 Vt. at 167, 243 A.2d at 767 (citations omitted).

In *Stoneking*, plaintiff appealed from an adverse jury verdict. Her case consisted of evidence that there were recurring block-

ages in a different line closer to plaintiff's house, that trees were close to the line and that the line was old and was not maintained. This Court noted that the case was "correctly submitted to the jury." *Id.*

Plaintiffs emphasize the similarity of the facts in this case to those in *Stoneking*—the prior incident of blockage in a related line, the presence of trees and the absence of routine maintenance. They suggest two theories under which liability could be found under *Stoneking*: (1) defendant had "constructive" notice of the blockage because of the incident involving the neighbor ten to twelve years ago; and (2) defendant failed to properly maintain the system, and that caused the blockage.

■ We agree with the trial court that there was inadequate evidence to withstand summary judgment on the question of constructive notice. Assuming the affidavit of the neighbor was properly based on his personal knowledge, see *Department of Social Welfare v. Berlin Development Assocs.*, 138 Vt. 60, 62, 411 A.2d 1353, 1355 (1980), and that the neighbor's blockage was in the same line as the one servicing plaintiffs' home, a factual assertion that is not clearly supported by the evidence, we still do not believe that notice of a prior blockage ten years earlier is "constructive knowledge" of the blockage that caused the sewage to enter plaintiffs' house.[3] With respect to this part of the *Stoneking* opinion, plaintiffs must show defendant's knowledge, constructive or actual, of the obstruction that caused the damage; knowledge that such an obstruction *could* occur is insufficient.

■ We think, however, that the evidence before the court was sufficient to withstand summary judgment on the theory of negligent maintenance. Before we examine the facts bearing on this theory, we note that in responding to a motion for summary

---

[3] We recognize that we have generally been reluctant to approve summary judgment where notice is in issue. For example, in *Bennett Estate v. Travelers Insurance Co.*, 138 Vt. 189, 192, 413 A.2d 1208, 1210 (1980), we stated: "The possibility that there is an issue of fact as to notice, regardless of plaintiffs' likelihood of success on this issue, mandates a full adjudication." In this case, however, we find no possibility of an issue of fact as to notice of the blockage that caused plaintiffs' damages.

judgment, the opponent of the motion "is to be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists." *Braun v. Humiston*, 140 Vt. 302, 306, 437 A.2d 1388, 1389 (1981), *rev'd on other grounds, sub nom. Soucy v. Soucy Motors, Inc.*, 143 Vt. 615, 618, 471 A.2d 224, 226 (1983). The facts of the case bearing on the issue involved must be "'clear, undisputed or unrefuted.'" *Pierce v. Riggs*, 149 Vt. 136, 140, 540 A.2d 655, 658 (1987) (quoting *State v. Heritage Realty*, 137 Vt. 425, 428, 407 A.2d 509, 511 (1979)).

The deposition of the public works director indicates that he believed that the blockage was caused by "panty hose type of material." He also found "roots or something of that nature" in the line, and it is a reasonable inference that the roots caught the panty hose. The director believed that the tree roots came from two fifteen-inch silver maples which were growing above the sewer line. He indicated that the tile material used to make the sewer line was subject to penetration by tree roots and that the moisture inside the line attracted the tree roots. Although the director indicated that he had not received complaints of blockage of the line serving plaintiffs, he stated that he had received complaints of blockage of other six-inch mains and that two or three times a year he responds to blockages "so severe that the sewage will back up and overflow the commodes."

The town does not have an accurate map of its sewer system. The public works director stated that "much of this [piping] . . . was put in ages ago with people that didn't take measurements and have maps." He did have an old map that showed some of the piping near plaintiffs' residence, although the measurements weren't very accurate. He stated that he learned about the system by trial and error.

*Stoneking* requires the town to exercise "needful prudence, watchfulness, and care" in the maintenance of the sewer system. 127 Vt. at 167, 243 A.2d at 767. This statement of the town's duty is consistent with the holdings in other states:

> [A] municipal corporation . . . is bound to use ordinary care or exercise due diligence to keep the sewers and drains it constructs in proper condition and repair and free from ob-

structions, and will be held liable for damages to property resulting from its failure to do so . . . .

11 E. McQuillin, Municipal Corporations § 31.33, at 236 (3d ed. 1983); see also 18 E. McQuillin, Municipal Corporations § 53.125 (3d ed. 1984). In detailing the municipal obligation with respect to sewer maintenance, the Rhode Island Supreme Court stated:

> [T]he duty to exercise due care in the maintenance of a sanitation sewer main may include the obligation to make reasonably periodic inspections when, by the passage of time, deterioration or obstructions are reasonably foreseeable.

*Rotella v. McGovern*, 109 R.I. 529, 535, 288 A.2d 258, 261 (1972); see also *City of Tucson v. Hughes*, 23 Ariz. App. 350, 352, 533 P.2d 561, 562–63 (1975) (mere absence of notice does not necessarily absolve city from negligence; city's failure to exercise of a reasonable degree of watchfulness in ascertaining sewer's condition from time to time, and preventing sewer from becoming dilapidated or obstructed renders city liable); *Floyd v. City of Butte*, 147 Mont. 305, 310, 412 P.2d 823, 826 (1966) (municipality becomes chargeable with notice of what a reasonable inspection would disclose).

■ We are mindful that the duty in cases like this cannot be unlimited. In *Rotella v. McGovern*, 109 R.I. at 535, 288 A.2d at 261, the court quoted from *McCarthy v. City of Syracuse*, 46 N.Y. 194, 198 (1871), as follows:

> "Where the obstruction or dilapidation is an ordinary result of the use of the sewer, which ought to be anticipated and could be guarded against by occasional examination and cleansing, the omission to make such examinations and to keep the sewers clear is a neglect of duty which renders the city liable."

In keeping with the quote from *McCarthy*, we do not believe that a municipal corporation is an insurer of the condition of its sewage system. Nor is it responsible for uses of the system that are so extraordinary that a resulting blockage is not reasonably foreseeable.

■ Defendant did not offer any evidence in support of summary judgment that inspection of sewer lines, in areas where tree roots may invade the lines, was an unreasonable duty to impose on a municipality. Thus, plaintiff was not required to come forward with opposing evidence on the question of the duty of care in these circumstances. See *Pierce v. Riggs*, 149 Vt. at 138, 540 A.2d at 657. When we give plaintiffs the benefit of all reasonable doubts and inferences, we still believe that there was a material issue of disputed fact on whether the town had a duty to inspect its line, whether inspection would have avoided plaintiffs' damages, and whether the blockage was an ordinary result of use of the sewer.

■ Finally, plaintiffs allege that the court erred in granting summary judgment on their implied contract count. The duty imposed on defendant by its contract with plaintiffs is no greater than imposed by the negligence principles set forth in *Stoneking*. See *Scholbrock v. City of New Hampton*, 368 N.W.2d 195, 198 (Iowa 1985); *Ward v. City of Charlotte*, 48 N.C. App. 463, 469, 269 S.E.2d 663, 667 (1980). Thus, the contract claim is superfluous and adds nothing to plaintiffs' case. Granting summary judgment on this count was harmless.

*Reversed and remanded.*