*Allard v. Halasz*, 687-11-16 Wncv (Teachout, J., Apr. 14, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**WILLIAM ALLARD**
**Plaintiff–Appellee**

**v.**

**ANNETTE HALASZ**
**Defendant–Appellant**

**CIVIL DIVISION**
**Docket No. 687-11-16 Wncv**

**on appeal from**

**Small Claims**
**Docket No. 186-7-16 Wnsc**

## DECISION ON APPEAL

Defendant–Appellant Annette Halasz has appealed from a small claims judgment in favor of her contractor, Plaintiff–Appellee William Allard. The small claims court awarded him a judgment for the amount of unpaid "general contractor" charges related to a renovation project that Ms. Halasz had refused to pay. The court found in her favor with regard to charges related to a door that she also refused to pay but Mr. Allard did not cross-appeal so that ruling is not contested on appeal.[1]

On appeal, Ms. Halasz asserts that there was no evidence of any agreement for the general contractor charges (10% of subcontractor expenses) before the small claims court. She claims that the court merely found that such a charge would have been reasonable and then assessed it. Ms. Halasz further asserts that such a charge is not standard practice, there was no contract, and the charge was unreasonable.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

The court has listened to the recording of the small claims hearing and reviewed the entire record of this case. The small claims court ruled orally at the end of the hearing. The judge clearly found that the parties in fact agreed to the general contractor charge at the inception of their relationship, though there was not a *written* agreement so stating. She explained that an oral agreement is enforceable, which is correct. The finding that there was an agreement was

---

[1] Although Mr. Allard mentioned this issue in his reply memorandum, he did not properly preserve the issue by filing his own cross appeal.

amply supported by extensive testimony to that effect from Mr. Allard.  Testimony is evidence on which findings of fact may be based.

While the court also found that the charge was a reasonable practice, presumably based on Mr. Allard's testimony that it is usual and customary, it did not find Ms. Halasz liable merely because the fee was reasonable.  It expressly found a contract.  To the extent that the small claims court found Mr. Allard credible on this issue rather than Ms. Halasz, credibility assessments are reserved for the finder of fact, the small claims judge in this instance.

There is no legal error.

## ORDER

The judgment of the small claims court is affirmed.

Dated at Montpelier, Vermont this _____ day of April 2017.

_____
Mary Miles Teachout
Superior Judge