*Zoie v. Perkins*, No. 698-12-17 Wncv (Teachout, J., Feb. 12, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 698-12-17 Wncv** |
| | |
| **Zoie** | **on appeal from** |
|     **Plaintiff–Appellee** | |
| | **Small Claims** |
|     v. | **Docket No. 122-4-17 Wnsc** |
| | |
| **Maurice Perkins** | |
|     **Defendant–Appellant** | |

## DECISION ON APPEAL

Defendant–Appellant Maurice Perkins has appealed from a small claims judgment in favor of Plaintiff–Appellee Zoie. The parties had a written agreement setting forth the terms for Ms. Zoie's purchase of a recreational vehicle (camper) from Mr. Perkins. The parties lost confidence in each other and she did not make the final payment, instead suing Mr. Perkins in small claims seeking a refund of the payments she had made, $2,300. Mr. Perkins retained possession of the camper, and never refunded Ms. Zoie's payments. Following an evidentiary hearing, the small claims court awarded Ms. Zoie $2,300. On appeal, Mr. Perkins asserts that Ms. Zoie's testimony at the small claims hearing was full of lies and, presumably, the small claims court should have recognized that and not relied on it.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

The court has listened to the recording of the small claims hearing and reviewed the entire record of this case. The recording of the hearing is not always fully clear as the small claims court was frequently unable to prevent the parties from talking over each other and at times yelling. However, the purport of the testimony and other evidence, as well as the court's judgment are clear.

Ms. Zoie and Mr. Perkins had a written contract under which the camper was to be sold for $2,500. Mr. Perkins retained possession of the camper while Ms. Zoie made payments. The parties experienced some sort of falling out which prompted Ms. Zoie to stop making payments.

She sought a refund of the payments she had made through the small claims action. The small claims court clarified with the parties that they agreed that they wanted the contract to be treated as canceled, with Mr. Perkins retaining possession of the camper. They agreed. The small claims court then explained that the only issue was how much Mr. Perkins needed to refund because he had no right to retain Ms. Zoie's payments.

The parties further agreed generally that the payments that actually had been made were written and acknowledged on the contract itself, which was in the record. Ms. Zoie calculated those payments at $2,300. Mr. Perkins calculated them at around $1,300. But both agreed that the recording of payments on the contract was accurate. The only controversy was that the final payment acknowledged on the contract was for $150. Mr. Perkins said it was really only $50.

The small claims court calculated the payments recorded on the contract at $2,300 and entered judgment for that amount. On appeal, the court has checked the small claims court's math. It is correct.

It is not clear on appeal what testimony that Ms. Zoie gave at the small claims hearing is believed by Mr. Perkins to be false. However, the court cannot resolve that matter on appeal in any event. The small claims court was the finder of fact. Its job was to hear the evidence and determine what the facts were. The court's findings have clear evidentiary support—the recording of the payments on the contract itself—even if Mr. Perkins disagrees with them. This court, on appeal, cannot alter those findings, including the court's determination that the final payment was $150 rather than $50. No error is shown.

ORDER

For the foregoing reasons, the decision of the small claims court is affirmed.

Dated at Montpelier, Vermont this _____ day of February 2018.

_____
Mary Miles Teachout
Superior Judge