*Relation v. Welch*, No. 340-6-18 Wncv (Teachout, J., Aug. 24, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 340-6-18 Wncv** |
| | |
| **Clint Relation** | **on appeal from** |
|     **Plaintiff–Appellee** | |
| | **Small Claims** |
|     **v.** | **Docket No. 279-10-17 Wnsc** |
| | |
| **Andrea Welch** | |
|     **Defendant–Appellant** | |

## DECISION ON APPEAL

Defendant–Appellant Andrea Welch has appealed from a small claims judgment in favor of her former landlord Plaintiff–Appellee Clint Relation following the termination of her residential tenancy. Mr. Relation had sought damages for the unpaid last month of rent, unpaid water and sewer bills, and removed or damaged furniture. The premises was rented in a furnished condition. Ms. Welch did not file a counterclaim. At trial, Ms. Welch conceded that the last month of rent was unpaid and that she had agreed to forfeit her security deposit. She disputed the extent of the other claimed damages. The small claims court awarded damages in the amount of the last month of rent, the unpaid water and sewer bills, and a reduced amount for damaged or missing personal property, less a credit for the retained security deposit. On appeal, Ms. Welch argues that the lease did not allocate water and sewer charges to her, she should be compensated for several deficiencies with the premises, including necessary cleaning when she moved in, and that the value of the damaged personal property was too high.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

The court has listened to the recording of the small claims hearing and reviewed the entire record of this case. Ms. Welch rented a furnished unit. She conceded at trial that the last month of rent was due and that she had agreed to forfeit her security deposit. It became clear at the trial that Ms. Welch had not paid the water and sewer charges because those bills had remained in Mr. Relation's name and he had never presented them to her to be paid. According to the lease, they were her responsibility. The small claims court allocated that expense, minus any penalties or late fees, to Ms. Welch. Doing so was reasonable and supported by the

evidence. They were Ms. Welch's responsibility according to the lease.

Ms. Welch also argues on appeal that the small claims court should have awarded damages to her for several issues, including the need to clean the house at move-in, various issues with water or leaking, and inconveniences when the house was being shown to prospective buyers. However, Ms. Welch did not file a counterclaim and she did not purport to seek damages at trial. The small claims court had no authority to award damages to Ms. Welch in the absence of a counterclaim raising those matters.

Finally, Ms. Welch argues that the small claims court overvalued the missing or damaged personal property. However, the record is clear that the small claims court took care to solicit evidence of the damage incurred and to form a realistic determination of the value of any harm beyond ordinary wear and tear. The court then reduced Mr. Relation's claimed damages based on its view of that evidence. The court's evaluation of that evidence was reasonable and well within its discretion.

There is no error.

## ORDER

The judgment of the small claims court is affirmed.

Dated at Montpelier, Vermont this _____ day of August 2018.

_____
Mary Miles Teachout,
Superior Judge

2