*Brunton v. Cook*, 196-4-18 Wncv (Teachout, J., Aug. 24, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 196-4-18 Wncv** |

| | |
|---|---|
| **Marlee Brunton** | **on appeal from** |
|     **Plaintiff–Appellee** | |
| | **Small Claims** |
|     **v.** | **Docket No. 249-9-17 Wnsc** |

**Cindy Cook**
    **Defendant–Appellant**

### DECISION ON APPEAL

Defendant–Appellant Cindy Cook has appealed from a small claims judgment in favor of her former tenant, Plaintiff–Appellee Marlee Brunton. The small claims court awarded Ms. Brunton compensatory damages in the amount of the withheld security deposit and rejected Ms. Cook's counterclaim. Ms. Brunton did not cross-appeal. On appeal, Ms. Cook asserts that certain findings were "incorrect" and the court failed to award damages for propane use, insufficient notice of termination of the tenancy, for failure to maintain the property properly, and for misrepresentations that induced her to enter into the relationship with Ms. Brunton and her partner in the first place. She does not challenge the damages assessed against her in relation to the withheld security deposit.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

The court has listened to the recording of the small claims hearing and reviewed the entire record of this case. The agreement between the parties was twofold. It established a month-to-month residential landlord–tenancy arrangement whereby Ms. Brunton and her partner would pay rent to live in the house. It also obligated them to maintain the premises and have it ready to be "shown" to prospective buyers—it was for sale during the tenancy. While Ms. Cook argues that it was *primarily* a "contract for services" *rather* than a "lease agreement," plainly it was both and, otherwise, those characterizations have no legal impact on the issues in this case.

The actual tenancy was short—two months. This occurred because soon after the tenancy began, Ms. Cook became dissatisfied with the condition in which Ms. Brunton and her

partner were keeping the premises and because they allegedly were not getting it in showable shape for prospective buyers. Toward the middle of the second month of the tenancy, the parties' relationship had soured. There is evidence in the record, and the court so found, that Ms. Cook told Ms. Brunton to vacate by the end of August because a new tenant would be moving in first thing on September 1. Ms. Brunton and her partner did vacate prior to September 1. Ms. Cook retained their security deposit.

Ms. Brunton initiated this case seeking the return of her security deposit because Ms. Cook retained it without notice of withholding complying with 9 V.S.A. § 4461. Ms. Cook counterclaimed seeking damages related to misrepresentations by Ms. Brunton and her partner, stolen personal property, failure to keep the property in showable condition, and unreimbursed propane consumption.

The small claims court found that the parties disputed whether Ms. Brunton and her partner kept the premises in showable condition. It did not make findings to resolve that dispute. It did find, however, that they misrepresented that they were both professional property managers, did not smoke, and had no pets. The court awarded no damages for these issues.

Ms. Cook argues on appeal that Ms. Brunton admitted at the trial that she did not keep the property in showable condition. She appears to argue that there should have been an award of damages for that and for the misrepresentations.

The court listened to the entire hearing and did not identify any testimony by Ms. Brunton or her partner in which they admit that they failed to keep the property in showable condition. Ms. Brunton did assert at one point awareness that Ms. Cook was dissatisfied with their performance. In any event, the court did not resolve this dispute.

There was no error in not resolving the dispute and not awarding damages related to it or the misrepresentations. At the hearing, Ms. Cook did not identify any damages related to these issues. To the extent that any deficient performance by Ms. Brunton and her partner diminished the odds of a sale, the matter is too speculative to support an award of damages.

Otherwise, there was no error in rejecting Ms. Cook's claims related to stolen property, use of propane, and insufficient notice of the date of termination of the tenancy. The court found that the evidence of stolen property was insufficient to support an award. There was little testimony on this issue at trial and there was none on the value of any such missing property. It was reasonable for the court to conclude that Ms. Cook had failed to prove this claim by a preponderance of the evidence.

The court also denied damages for use of propane. The agreement contemplated that the tenants would fill the propane tank at the end of the tenancy. However, Ms. Cook sought an award of damages equivalent to the entire tank full of propane without having presented any evidence as to how much her tenants actually may have used. The court noted that the tenancy was exceptionally short and in the summer (July and August), when fuel usage would be minimal. In these circumstances, it concluded that Ms. Cook had failed to adequately support her claim. This was reasonable.

2

Finally, the court concluded that by the end of August, whatever the earlier negotiations had been, Ms. Cook had given Ms. Brunton and her partner clear notice to vacate the premises by the end of August. Having done so, she essentially waived any claim she may have had for Ms. Brunton and her partner's failure to give proper notice of termination. There was competing evidence in the record, but resolving the matter was the small claims court's responsibility and cannot be reviewed on appeal.

## ORDER

The judgment of the small claims court is affirmed.

Dated at Montpelier, Vermont this _____ day of August 2018.

_____
Mary Miles Teachout,
Superior Judge

3