

VERMONT SUPERIOR COURT
FEB 28 2020
ADDISON UNIT

STATE OF VERMONT

**SUPERIOR COURT**
Addison Unit

**CIVIL DIVISION**
Docket No. 37-2-20 Ancv

**PORTFOLIO RECOVERY ASSOCIATES**
        Plaintiff–Appellee

on appeal from
Small Claims
Docket No. 76-3-14 Ancv

v.

**JEFFREY BOUTILIER**
        Defendant–Appellant

## DECISION ON APPEAL

Jeffrey Boutilier has appealed from a small claims Financial Disclosure Hearing Findings and Order issued on November 1, 2019.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). The court has listened to the recording of the small claims hearing and reviewed the entire record of this case.

The case first came to court on July 18, 2014. On that day, the parties reached agreement for a stipulated judgment in the amount of $3,846.17. The Order further stated, "The Parties agree that there shall be no post-judgment interest. The court so orders." In Mr. Boutilier's Answer, he had claimed no ability to make payment due to his financial circumstances.

In July of 2019, approximately 5 years later, Plaintiff filed a motion requesting a financial disclosure hearing and claimed that the full amount was still due. The purpose of such a hearing is to find out whether a debtor has the present ability to make payments on a debt. The record shows that a copy of the motion was mailed to Mr. Boutilier. The court scheduled a hearing for November 1, 2019, and notices of the hearing were sent to both parties.

The hearing was scheduled for 3:30 pm, but did not start until 3:40 pm. Plaintiff's attorney was present. Mr. Boutilier was not present. Plaintiff's attorney stated that no payments had been made, and requested an updated judgment in the original amount plus $66.00 in costs. The judge questioned the basis for the $66.00 and determined that $65.00 was proper because that was the amount the Plaintiff had had to pay for the filing fee, but she disallowed $1.00 because that was for a discretionary copy that Plaintiff had ordered. Thus, the Financial Disclosure Hearing Findings and Order issued in the total amount of $3,911.17, consisting of the original $3,846.17 plus the $65.00 filing fee. Mr. Boutilier has appealed on the grounds that he cannot afford to pay due to his current level of income and other debt obligations.

The debt arising from the judgment of 2014 continues to be an enforceable debt, and was so on the date of hearing, November 1, 2019. A judgment debt is enforceable for eight years (and longer if the creditor brings a new case to renew it), even if no payments are made. Mr. Boutilier is fortunate that his judgment provided for no post-judgment interest. If it had, the debt would have grown by an additional $2,307.70. As it is, although he still owes the original amount plus the filing fee for the motion, no interest has been or will be added to increase the debt.

Mr. Boutilier's appeal is based on an inability to make payments. The outcome of the hearing is exactly the same as it would have been if he had appeared at the hearing and demonstrated that he had no ability to make payments. That is, he was not and is not ordered to make periodic (monthly) payments on the debt. Rather, the debt remains in place but he is not required to make payments on it, and it will not increase due to interest.

The only basis on which it might increase is if the Plaintiff files another motion to find out what Mr. Boutilier's updated financial circumstances are. A creditor is allowed by law to file such a motion when payments are not made on a debt. In that event, if Mr. Boutilier's financial circumstances have improved to the point where he has the ability to make payments and is not receiving any government financial assistance, he may then be required to make periodic payments toward the debt even though he is not required to do so now. He is also likely to become responsible for the filing fee for such a motion. He may be able to avoid the addition of future filing fees by contacting the Plaintiff's attorney directly from time to time to provide an update about his financial ability to pay.

The Small Claims Court Judge who issued the November 1, 2019 Order made no errors of law. She was not permitted by law to go back and reopen the basis for the 2014 judgment, and she did not do so. All she did was add the filing fee to the amount of the 2014 debt, and determine the updated amount due, without ordering any periodic payments to be made. This was correct procedure under the law.

## ORDER

For the foregoing reasons, the November 1, 2019 Findings and Order is *affirmed*.

Dated this 28th day of February 2020.

_Mary Miles Teachout_
Mary Miles Teachout
Superior Judge

2