Vermont Superior Court
Filed 01/09/24

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03230

---

Michael Abel v. Vermont Dept of Corrections

---

## Ruling on Small Claims Court Appeal

Plaintiff/Appellant Michael Abel appeals from a judgment issued by the Small Claims Court ("SCC") in favor of Defendant/Appellee the Vermont Department of Corrections (DOC). Mr. Abel is an inmate in the custody of DOC. The dispute arises out of three claims filed by Mr. Abel asserting that DOC was negligent in handling and caring for items of his personal property, which were taken either by DOC staff or other inmates. The DOC denied liability. The SCC held an evidentiary hearing at which both sides presented testimony and other evidence. The SCC issued an oral ruling and a written judgment order in favor of DOC.

The Court has listened to the tape recording of the hearing below and entertained oral argument in this appeal. While Appellee appeared for oral argument, Appellant either failed to or was unable to appear. The Court makes the following determinations.

### Summary of Key Facts Found and Rulings Made by the SCC

Claims for lost or stolen property are governed by 32 V.S.A. § 932 and DOC Directive 321.02, available at https://outside.vermont.gov/dept/DOC/Policies/

1

Inmate%20Offender%20Claims%20-%20Facility%20and%20Field%20Directive.pdf.

The Directive sets out a two-step process to resolve such claims. Directive 321.02(a) and (i). The Directive admitted below[1] and Section 932(b) require that DOC act on such claims within 90 days, or they are deemed allowed. Directive 321.02(3)(b).

In this instance, the SCC concluded that Mr. Abel had filed three administrative claim forms regarding his lost personal effects, satisfying the first step of the policy. Directive 321.02(2)(a). They were submitted in September 2019, were received by staff at DOC, but were not acted upon. In March 2020, Mr. Abel filed a request for review of that lack of decision at the next step of the process, an appeal to the Director of Policy Development and Offender Due Process and the Director of Facilities Operations or the Field Services Executive. Directive 321.02(2)(i). DOC did not act on the appeal. While the SCC determined that the appeal was properly taken, it faulted Mr. Abel for waiting until long after the 90-day period had run to make the appeal. Given those findings, the Court determined that Mr. Abel had exhausted the administrative remedy provided, but that the 90-day rule did not apply. Directive 321.02(3)(b).

---

[1] The Directive admitted in the SCC and the testimony of DOC representative Mr. Turner were consistent in stating that the 90-day requirement remained in place as of the date of hearing. It appears, however, that the Directive was amended in 2019 to delete the 90-day rule. *See* Interim Memo: Directive 321.02, effective November 1, 2019, available at https://outside.vermont.gov/dept/DOC/Policies/Interim%20 Memo%20on%20Inmate%20Offender%20Claims%20Form%20-%20Field%20 and%20Facility.pdf. DOC has not argued either below or here that the Interim Memo applies. Any such contention is waived. Nonetheless, even if the Court were to consider that document, Section 932(b) would still impose a 90-day limit on DOC action under these circumstances.

The SCC proceeded to the merits of the dispute and concluded that Mr. Abel had not provided sufficient evidence to prove that the loss of his personal articles was due to the negligence of DOC. The SCC found that the most likely scenario was that the property was taken by other inmates and that DOC had no duty to anticipate the criminal acts of third parties.

## Standard of Review

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims procedure." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the SCC has applied the correct law, this Court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2,* 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond,* 144 Vt. 496, 498 (1984), and such findings "*must be construed,* where possible, to support the judgment," *Kopelman v. Schwag,* 145 Vt. 212, 214 (1984) (emphasis added). The Court's review of the SCC's legal conclusions, however, is "non-deferential and plenary." *Maciejko,* 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi,* 169 Vt. 437, 439 (1999)).

## Analysis

For the following reasons, the Court concludes that the SCC made a legal error in refusing to enforce the 90-day rule, which would have deemed Mr. Abel's claims allowed based on DOC's failure to respond to them in a timely manner.

3

First, there was no dispute below that Mr. Abel submitted the three claims forms in September 2019, that they were received by DOC staff, and no decision on them was ever made by DOC.

Second, Directive 321.02 provides: "The Department of Corrections must issue a determination within ninety (90) days of the date on which the inmate/offender submitted their Report of Lost or Damaged Property, or the claim will be deemed granted." 32 V.S.A. § 932(b) has the same deadline for administrative action.

Third, despite DOC's arguments on appeal, the SCC found that Mr. Abel had submitted an appeal from the failure of DOC to act on his initial complaints in March 2020. The DOC also did not act on that appeal.

Fourth, Mr. Abel filed the Small Claims complaint within 18 months of the date of loss, as required by Section 932.

In the Court's view, the above conclusions warrant a finding that Mr. Abel's claims must be deemed granted as a matter of law.

The SCC's opposite conclusion was based on its determination that Mr. Abel should have taken his appeal earlier and not waited for the 90-day period to lapse. The Court disagrees.

Nothing in Directive 321.02 states that a claim will be deemed denied after a certain number of days or that an inmate has only a certain number of days to take an appeal. The Court cannot read such requirements into the Directive, nor can it

4

place on inmates the requirement of divining such unstated timelines from the existing language.

If DOC wishes to have such a provision it has the power to amend the Directive to insert one. Indeed, DOC has done so in its existing Grievance Policy, which states that a grievance will be deemed denied after a certain period. *See* Policy 320 (Grievance System), Procedural Application, § (C)(9) ("If the grievant does not receive a timely response to a grievance, the grievant may presume that the grievance was denied, and may submit an appeal to that decision (see Section E., Appeals below);" and § (E)(5) ("Individuals who do not receive a timely response to an appeal may presume the appeal was denied and may consider their administrative remedies exhausted."), available at https://outside.vermont.gov/dept/ DOC/Policies/Grievance%20System%20Policy.pdf. That Policy also provides specific timelines within which an inmate must take an appeal. *See Id.* § E (grievants are to file an appeal "within 10 business days of receiving the grievance decision"). Directive 321.02 contains no similar provisions.

If such amendments are made to Directive 321.02, inmates will be required to act according to such altered requirements in order to exhaust their administrative remedies. Until then, however, the Directive contains no demand that an appeal be taken prior to the expiration of the 90-day period and no statement that an inmate may deem a claim denied after a certain period of time.

DOC's contention that the 90-day period should be construed to run from the date of the submission of the appeal to Mr. Turner is not persuasive. The language

5

of both the Directive and Section 932 foreclose such an argument. The Directive requires DOC action within "90 days of the date on which the inmate/offender submitted their Report of Lost or Damaged Property." Section 932 requires action "90 days after the grievance was filed." In any event, in this case, the State's interpretation would not change the outcome because no DOC response was made even within 90 days of the submission of the appeal to Mr. Turner.

Here, Mr. Abel did what the Directive required of him: he submitted his claims, and he appealed. DOC took no action at either step within the timelines provided by the Directive and the statute. Per the Directive and Section 932, his claims are "deemed granted."

Mr. Abel's allowed claims, however, are also subject to the limitations of the Directive. That Directive places a $50.00 limit on each individual claim, which is binding on Mr. Abel. Directive 321.02(h). DOC did not challenge Mr. Abel's evidence with regard to the value of his lost property. Per the exhibits admitted and Mr. Abel's testimony, the value of his lost property is: Pencils ($30.00); Hair Clippers ($280.00 reduced to the maximum $50.00); Lost Clothing ($25.29); and Lost Clothing ($10.46). Mr. Abels total compensable loss is $115.75. Judgment will enter in that amount.

<u>Conclusion</u>

In light of the foregoing, the SCC judgment is reversed. Judgment is entered in favor of Mr. Abel in the amount of $115.75.

Electronically signed on Tuesday, January 9, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge

7