NATHANIEL FULLERTON v. JOHN HORTON JR.

In debt on a judgment of the court of another state, where the record set up the defendant as then resident in that state, and showed an attachment of land there, and the officer's return showed a copy of the process left at the last and usual place of abode of the defendant in that state, it is *prima facie* sufficient evidence that the court had jurisdiction of the cause and of the defendant.

In such action, it is admissible for the defendant to plead any plea which will show that the court *had not jurisdiction* to render the judgment.

THIS was an action of debt on a judgment rendered by the court of common pleas for the county of Middlesex, in Massachusetts, to recover a balance unsatisfied. The defendant craved oyer of the record and demurred. The record, which was duly authenticated, showed the issuing of an attachment in common form, in an action on note. In that, the defendant was set up as of Acton in the county of Middlesex. Upon that attachment was the following return :

"Middlesex, ss. Nov. 16, 1829.

"By virtue of this writ, I attached all the right, title and interest which the within named John Horton jr. has in the land and house and blacksmith's shop where he now lives and improves, and on the 21st inst. I left him a summons at his last and usual place of abode in Stowe."

The record further showed that judgment was rendered by default and execution issued, which was returned partly satisfied by a levy on the land—and to recover the balance this action was brought. The county court rendered judgment for the plaintiff. To which the defendant excepted.

*C. Aikens* for defendant.

I. To constitute a valid judgment, the court rendering it must have had jurisdiction of the cause and of the parties.— *Bissell* v. *Briggs*, 9 Mass. R. 462. 1 Starkie's Ev. 215, note. *Thurber* v. *Blackbourne*, 1 N. H. R. 242. 6 Pick. R. 232. Doug. R. 261. *Kibbe* v. *Kibbe*, Kirby's R. 119. *Kilburn* v. *Woodworth*, 5 Johns. R. 37. *Borden* v. *Fitch*, 15 do. 121. *Robinson* v. *Ward's Executors*, 8 do. 86. *Fenton* v. *Garlick*, Id. 194. *Pawling et ux.* v. *Wilson et al.* 13 do. 192.

II. The defendant was not notified of the original action, which is the foundation of the judgment upon which the pre-

Fullerton
v.
Horton

sent action rests, and that judgment is, therefore, for the purpose of the present action, *void*. See cases before cited.

*R. Washburn*, for plaintiff.

I. The judgment of the court of another state is conclusive, if such court had jurisdiction of the cause of action and the parties. *Bissell* v. *Briggs*, 9 Mass. R. R. 462. *Andrews* v. *Montgomery*. 19 Johns. R. 162. *Hall* v. *Williams*, 6 Pick. R. 232. *Hoxie* v. *Wright*, 2 Vt. R. 263. *Armstrong* v. *Carson's Executors*, 2 Dall. R. 302. *Mills* v. *Durgee*, 7 Cranch's R. 481. *Hampton* v. *McConnell*, 4 U. S. Cond. R. 243.

II. The record shows that the court had such jurisdiction.

III. In any event, the want of notice should have been pleaded, and cannot be taken advantage of upon demurrer. *Story* v. *Kimball*. 6 Vt. R. 541.

The opinion of the court was delivered by

COLLAMER, J.—Although the first impression to be derived from the case of *Mills* v. *Durgee*, 7 Cranch's R. 481, is that no plea, but that of *nul tiel record*, is admissible in the case of judgments of the courts of other states, yet, on more full examination, and collating that decision with the decisions of most of our sister states, it will be found that such judgments must be subject to be so far inquired into as to ascertain whether the court had jurisdiction. Any plea, therefore, proper, sufficient and necessary for that purpose, must be permitted. In this case no such plea is offered. We are informed of nothing but what the record from Massachusetts presents. To this, full faith and credit and effect should be given, unless it appears that the court had not jurisdiction, and that their judgment was, therefore, *void*.

The court, undoubtedly, had jurisdiction of the subject matter, that is, they had power to render a judgment in an action of assumpsit to that amount. Had they jurisdiction of the defendant? A court obtains jurisdiction of a defendant by service of an attachment of his property within their jurisdiction or by service of process on his person within their jurisdiction. Now, does it appear by this record—and the record is all we have now before us—that the court had no jurisdiction of the defendant in either of these modes? In the process and record the defendant is set up as resident in the county of Middlesex, and the process is served by at-

WINDSOR,
*February,*
1839.

Fullerton
*v.*
Horton.

taching the house and land in that county, "where he lives and improves." Now there is no plea that the defendant did not own that land, or did not then reside there. It is true, there was no plea before the court which rendered the judgment, calling upon them to pass on that point, so as to render the record conclusive thereon, but, upon the face of the record, it does show, *prima facie*, that the defendant then resided in Middlesex county, that land there, of which he was owner, was attached and that the court had jurisdiction of the defendant and legally exercised it, and we must so hold, until the contrary be averred and proved.

But it is urged that the record does not show that the defendant had personal notice of the action. If the defendant were to show that he did not then reside in Massachusetts, but in another state, as was done in all the cases cited by him in argument, then it would be true that notice should clearly and *affirmatively* appear, as the defendant insists. For a resident of one state ought not to be subject to the jurisdiction of another, unless it affirmatively appear that he had *notice*. But, in this case, where the record imports that the defendant there resided and there at his residence a summons was left, and there is nothing shown to contradict this, we cannot say that this was a judgment without jurisdiction or without notice, and therefore *void*. On the face of this record, it is sufficient.

Judgment affirmed.