CHARLES H. FERRY et al. *vs.* MILTIMORE ELASTIC STEEL
CAR WHEEL COMPANY et al.

May Term, 1899.

Present:  TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and
WATSON, JJ.

Opinion filed July 27, 1899.

*Foreign Judgment—Jurisdiction Presumed.*—A declaration in debt upon a
judgment of a court of superior common-law jurisdiction in a sister
state is not to be held insufficient upon demurrer because it fails to show

that the court had jurisdiction of the subject matter or the parties, for jurisdiction is to be presumed, until the contrary is made to appear by plea or proof.

DEBT. Demurrer to the declaration. At the December term, 1897, Bennington county, *Taft*, J., presiding, a *pro-forma* judgment was rendered sustaining the demurrer and adjudging the declaration insufficient. The plaintiffs excepted.

*F. G. Swinington* for the plaintiffs.

*Barber & Darling* for the defendants.

TYLER, J. The declaration is in debt upon a judgment rendered by the circuit court of Cook county, Illinois, March 15, 1897. It alleges that the defendants are residents of this State, but it does not allege that they ever were residents of Illinois, nor that they were served with process summoning them to appear in said cause, nor that they appeared therein, nor that that court in any manner obtained jurisdiction of them, nor that it had jurisdiction of the subject matter of the suit. The case here stands upon a general demurrer to the declaration.

It is well settled by the decisions of this court and by those of the supreme court of the United States, that it is competent for a defendant to contradict and impeach the judgment of a court of another state by proof that that court had not jurisdiction of the matter in controversy, or that the judgment was rendered without the defendant's appearance or notice to him to appear. *Wood* v. *Augustins*, 70 Vt. 637; *Grover & Baker Sewing Machine Co.* v. *Radcliffe*, 137 U. S. 287. The defendant does not controvert this rule of law but contends that the question of jurisdiction cannot be raised by general demurrer.

It would be more in compliance with the requirement of the constitution of the United States, that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, and with the

acts of Congress passed in pursuance thereof, and more in accord with the spirit of comity that exists between the courts of the different states, to presume that the Illinois court had proper jurisdiction until the contrary is shown by proof under a proper plea, than to require the plaintiff to allege these jurisdictional facts in his declaration.

We have been referred to no case decided by the United States supreme court and have found none which aids us upon this question of pleading. The cases go no further than to declare that under the constitution and laws of the United States a judgment or decree of one state, made by a court having jurisdiction of the parties and the subject matter, has the same force when pleaded or offered in evidence in the courts of any other state as in the state where it was rendered. *Cheever* v. *Wilson*, 9 Wall. 108: 19 L. C. P. Co. ed. 604; *Chew* v. *Brumagen*, 13 Wall. 497: 20 L. C. P. Co. ed. 663; *Mutual Life Ins. Co.* v. *Harris*, 97 U. S. 331: 24 L. C. P. Co. ed. 959.

In *Thompson* v. *Whitman*, 18 Wall. 457: 21 L. C. P. Co. ed. 897, it was held that the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding. In that case, under a law of the state of New Jersey by which non-residents were prohibited from raking clams and oysters in the waters of that state, and two justices of the county in which the seizure of the vessel was made were authorized upon information to try and determine the case, it was held that it might be shown by parol evidence that the seizure was not made in the county where the prosecution was had.

It is laid down in the text in 11 Ency. Pl. and Pr. 1131, that the jurisdiction of a superior common-law court is presumed unless the contrary appears, and therefore in an action upon a judgment of such a court, although of a foreign or a sister state, it is not necessary to aver that such court had jurisdiction either of the subject matter or of the person. A large number of cases are cited in the notes as

sustaining this rule, among them *Wilbur* v. *Abbot*, 58 N. H. 272; *Mink* v. *Shaffer*, 124 Pa. St. 280; *Jarvis* v. *Robinson*, 21 Wis. 524. The rule in Massachusetts is that the record of the judgment of another state is *prima facie* evidence that the court had jurisdiction of the defendant, but that it is open to the defendant to prove that he did not appear in person or by attorney in the action in which the judgment was rendered. *Bissell* v. *Wheelock*, 11 Cush. 277; *Wright* v. *Andrews*, 130 Mass. 149.

In 12 Ency. Pl. and Pr. 173, it is stated as the general rule, "that nothing shall be intended to be out of the jurisdiction of courts of superior general jurisdiction but that which especially appears to be so; with such courts the record need not affirmatively show jurisdiction, and when silent upon the point, every intendment is in favor of their jurisdiction." The rule seems to have been deduced from decisions of courts of last resort in most of the states, though it has sometimes been held that the declaration must affirmatively allege jurisdiction. On page 186, same volume, it is stated that when the want of jurisdiction appears on the face of the record, the objection may be raised by demurrer, motion to dismiss or motion in arrest, but if the want of jurisdiction does not thus appear the objection should be taken by answer or plea in abatement. Under the practice in this State, however, a motion to dismiss is not available. *Marsh* v. *Graves*, 68 Vt. 400.

In *Fullerton* v. *Horton*, 11 Vt. 425, the action was debt upon a judgment of the court of common pleas, Middlesex county, Massachusetts. It appeared by the record that the defendant was set up as of Acton in that County, while the officer's return showed the attachment of certain lands in the county where he resided, and that a summons was left at his last and usual abode in Stowe in the same county. The defendant demurred for that the record did not show notice to him of the original action. It was held that, while the judgment might be inquired into under any proper plea,

a demurrer did not raise the question; that full faith, credit and effect must be given to the record, and that it did not appear that the court had not jurisdiction. The court remarked that if the defendant were to show that he did not then reside in Massachusetts, then notice to him should clearly and affirmatively appear, for "a resident of one state ought not to be subject to the jurisdiction of another, unless it affirmatively appear that he had notice." This is in accordance with the holding in *Galpin* v. *Page*, 18 Wall. 350, that: "Whenever, therefore, it appears from the inspection of the record of a court of general jurisdiction that the defendant, against whom a personal judgment or decree is rendered, was, at the time of the alleged service, without the territorial limits of the court, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing the jurisdiction is cast upon the party who invokes the benefit or protection of the judgment or decree. It is a rule as old as the law, and never more to be respected than now, that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and never can be upheld where justice is justly administered."

Neither of the above cases makes against the general rule that the jurisdiction of the court of another state is presumed in the first instance, but is open to inquiry. In *Lapham* v. *Briggs*, 27 Vt. 34, and in *Price* v. *Hickok*, 39 Vt. 292, the objection was raised by plea. In *Prosser & Wife* v. *Warner*, 47 Vt. 667, oyer of the record having been obtained, and it being apparent that the supreme court of New York, which rendered the decree for alimony, had not jurisdiction of the person of the defendant, a demurrer was sustained.

The remarks of the court in *Price* v. *Hickok*, in substance, that a judgment of the court of another state rendered without notice to the defendant could not be enforced by action out of the state where it was rendered; that one state or nation has no right to thus give extra territorial effect to its laws and judicial proceedings and require another state to enforce them by action, are not opposed to the rule of pleading that such want of notice cannot be raised by demurrer when as in this case, it does not appear by the record that the court that rendered the judgment had not jurisdiction of the defendant.

> *The pro-forma judgment is reversed, demurrer overruled; declaration adjudged sufficient and cause remanded.*