### Department of Social Welfare v. Berlin Development Associates, et al.

[411 A.2d 1353]

No. 320-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 5, 1980

*M. Jerome Diamond,* Attorney General, and *Georgiana O. Miranda,* Special Assistant Attorney General, Montpelier, for Plaintiff.

*Davison Associates, Inc.,* Stowe, for Defendant Wornat.

**Per Curiam.** This is an interlocutory appeal from a denial of a motion to dismiss, V.R.C.P. 12(b)(6), made by appellant Wornat Development Corporation, one of multiple named defendants. The appellant contends that it is a limited, and not a general, partner in the several limited partnerships that are named as co-defendants, and that therefore it is not liable for partnership debts beyond its capital contribution. See 11 V.S.A. §§ 1397, 1407.

Because documents outside the pleadings were presented to and not excluded by the trial court in deciding the motion to dismiss, the motion is treated as one for summary judgment under Rule 56. V.R.C.P. 12(b). These documents were the several certificates of limited partnership filed with various town clerks pursuant to 11 V.S.A. § 1392(a)(2), the registrations and re-registrations of business name filed with the town clerks and the Secretary of State pursuant to 11 V.S.A. §§ 1621 and 1635, and an affidavit by one of the attorneys for the several co-defendant limited partnerships. The certificates of limited partnership and some of the registrations of business name designated appellant as a limited partner in the co-defendant limited partnerships. Certain later registrations of business name, however, listed appellant as a "co-partner" with the acknowledged general partners, rather than as a limited partner.

The affidavit by the attorney for the limited partnerships attempted to negate the effect of these later-filed documents. It stated, in relevant part:

> 2. At all times material to this Affidavit, I have been counsel with others for [the co-defendant limited partnerships] . . . , in which, until December 31, 1976, Wornat Development Corporation was a Limited Partner.
>
> . . .
>
> 4. To the best of my knowledge, information, and belief, Wornat Development Corporation never was a general partner in any of the Limited Partnerships, nor took any active part in the conduct of the Limited Partnerships.

5. To the best of my knowledge, information, and belief, Wornat Development Corporation never had any interest . . . in [other named co-defendants].

■ The summary judgment rule provides that affidavits supporting or opposing motions for summary judgment "shall be made on *personal knowledge.*" V.R.C.P. 56(e) (emphasis added). Accord, *Alpstetten Association, Inc.* v. *Kelly,* 137 Vt. 508, 515, 408 A.2d 644, 648 (1979). Therefore, this Court has excluded from consideration a paragraph of an affidavit made "on information and belief." *Johnson* v. *Fisher,* 131 Vt. 382, 384, 306 A.2d 696, 697 (1973). Statements made "[t]o the best of my knowledge, information, and belief" can fare no better. First, the phrase "to the best of" means "as far as I know, but I may not have all necessary information." This is not personal knowledge. Second, the listing of knowledge, information, and belief as grounds for sworn statements gives the court no basis for ascertaining which statements are based on knowledge, and which are based on information and belief. But V.R.C.P. 56(e) requires that all statements must be based only on personal knowledge.

This affidavit, read as a whole, does not reveal that the statements it contains were made on personal knowledge. We hold, therefore, that the affidavit cannot support appellant's motion.

■ Furthermore, even had the affidavit been made on personal knowledge, the documents presented to the trial court by the appellant constituted conflicting evidence as to whether appellant was a general, or a limited partner. Summary judgment is appropriate only when the materials properly considered by the trial court clearly show that there is no genuine issue as to any material fact. *Sykas* v. *Kearns,* 135 Vt. 610, 612, 383 A.2d 621, 623 (1978). The trial court ruled correctly that summary judgment is not appropriate here. See *Alpstetten Association, Inc.* v. *Kelly, supra,* 137 Vt. at 516, 408 A.2d at 648.

*Affirmed.*