# Victor A. Bennett Estate, Margaret B. Bennett and Duncan Y. Bennett, Administrators v. Travelers Insurance Co.

[413 A.2d 1208]

No. 293-79

Present: Barney, C.J., Daley and Hill, JJ., and Smith, J. (Ret.), and Amidon, Superior Judge, Specially Assigned

Opinion Filed February 28, 1980

Motion for Reargument Denied April 8, 1980

190

*Bloomer and Bloomer,* Rutland, for Plaintiffs.

*Miller, Norton & Cleary,* Rutland, for Defendant.

**Daley, J.** This is an appeal from an order that dismissed plaintiffs' action on the ground that it is based on an invalid judgment order. The judgment order in question, a default judgment dated January 20, 1974, awarded plaintiffs' decedent, Victor A. Bennett, damages for injuries sustained in a collision against the driver of the other car. Subsequently, alleging that the driver was insolvent, plaintiffs' decedent, later replaced by plaintiffs, brought this action upon the 1974 judgment against the driver's insurer. See 8 V.S.A. § 4203(3). At a hearing in chambers on the later action, the superior court, acting sua sponte, objected to the 1974 judgment on the ground that it was based on findings and conclusions signed by the presiding judge, but not by either assistant judge. Acting on the court's remarks, defendant made an oral motion to dismiss. The court granted the motion, and this appeal followed. We reverse.

Under former practice, a judgment valid on its face could not be challenged by a demurrer. *Ferry* v. *Miltimore Elastic Steel Car Wheel Co.,* 71 Vt. 457, 462, 45 A. 1035, 1036 (1899). A motion to dismiss that challenges the sufficiency of the complaint is akin to a demurrer in that it admits all facts well pleaded, and cannot be supported by extrinsic evi-

dence. *Drinkwine* v. *State*, 129 Vt. 152, 152, 274 A.2d 485, 486 (1970); *Rothberg* v. *Olenik*, 128 Vt. 295, 296, 262 A.2d 461, 462 (1970). With the advent of the Vermont Rules of Civil Procedure in 1971, however, it became possible to support a motion to dismiss with extrinsic evidence by converting it into a motion for summary judgment. V.R.C.P. 12(b);[1] see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1364, at 664–73, and § 1366, at 675 (1969). "The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material." 5 C. Wright & A. Miller, *supra*, § 1366, at 676.

In this case, immediately before ruling on defendant's motion to dismiss, the court took judicial notice of the contents of the file in the 1974 case. This action is unchallenged here, and we do not pass on its propriety. By considering matter beyond the pleadings, however, the motion to dismiss was converted into one for summary judgment. V.R.C.P. 12(b); see 5 C. Wright & A. Miller, *supra*, § 1364, at 669–72.

As soon as a motion to dismiss is converted into a motion for summary judgment, it is incumbent upon the court to notify the parties as to the changed status of the motion, and to give them a reasonable opportunity to submit extra-pleading materials as permitted by V.R.C.P. 56(e). V.R.C.P. 12(b); *Costen* v. *Pauline's Sportswear, Inc.*, 391 F.2d 81, 84–85 (9th Cir. 1968) (construing F.R.C.P. 12 and 56, which are identical to V.R.C.P. 12 and 56 in all respects material here); 5 C. Wright & A. Miller, *supra*, § 1366, at 683. The purpose of the summary judgment procedure "is solely to determine whether a genuine issue of fact exists." *Fonda* v. *Fay*, 131 Vt. 421, 422, 306 A.2d 97, 98 (1973) (per curiam). In this case, by not giving plaintiffs an opportunity to show that a fact question exists as to whether the assistant judges actually heard and participated in the decision of the 1974 case, the court struck too soon in disposing of the case.

---

[1] "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." V.R.C.P. 12(b).

192

■ Because we hold that dismissal of plaintiffs' case was premature, we now reach defendant's cross-appeal. In June of 1977, defendant moved for summary judgment on the ground that the two conditions precedent to liability under its contract—notice of suit and the cooperation of its insured —were unfulfilled. Defendant cross-appeals from the July 1977 order denying summary judgment.

In support of the motion, defendant filed an affidavit of its supervisor of Vermont claims. Paragraph 5 of this affidavit asserts that defendant first received notice of the action against its insured in April 1974 when it received process in this second action against it directly. Paragraph 8 of this same affidavit, however, discloses that in 1973 defendant's insured had been contacted several times by the defendant in connection with the accident. This apparent inconsistency in the affidavit counsels against granting summary judgment on the issue of notice. The possibility that there is an issue of fact as to notice, regardless of plaintiffs' likelihood of success on this issue, mandates a full adjudication. *Fonda* v. *Fay, supra.*

■ On the issue of cooperation, summary judgment was likewise inappropriate. The affidavit stated that, "[a]ccording to the records of the [defendant]," the insured had failed to cooperate with the defendant. For a statement in an affidavit to be sufficient to support a motion for summary judgment, it must show personal knowledge of the material fact in issue. V.R.C.P. 56(c) and (e); *Johnson* v. *Fisher*, 131 Vt. 382, 384, 306 A.2d 696, 697 (1973). Since the key issue here is not whether defendant's records show that its insured cooperated, but whether defendant's insured in fact cooperated, the statement above is not sufficient to show personal knowledge of the material fact in issue.

*Reversed and remanded.*

## Motion for Reargument

**Per Curiam.** The defendant's motion for reargument presents no point that has been overlooked or misapprehended that would affect the result. V.R.A.P. 40. The affidavit in support of defendant's motion for summary judgment, made in the trial court, alleged both lack of cooperation and failure to

give timely notice of suit. It did not state or otherwise show that the affiant's statements were made on personal knowledge as required by V.R.C.P. 56(e). *Vermont Department of Social Welfare* v. *Berlin Development Associates,* 138 Vt. 60, 411 A.2d 1353 (1980).

*Motion for reargument denied.*