## Douglas Nash and Warren Thompson v. Michael Coxon, Superintendent, Windsor Correctional Facility and Edson Pierce, Chief of Security, Windsor Correctional Facility

[565 A.2d 1360]

No. 87-375

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned

Opinion Filed August 4, 1989

*Michael Rose*, St. Albans, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Thomas J. Rushford*, Assistant Attorney General, Waterbury, for Defendants-Appellees.

**Dooley, J.** Two inmates at the Windsor Correctional Facility appeal from an order of the Windsor Superior Court dismissing their pro se petition under V.R.C.P. 75. The petition sought court review of an administrative grievance filed by plaintiffs and sought to compel an independent investigation of the incident that was the subject of the grievance. We reverse and remand.

The incident in question involved an alleged scuffle between petitioner Thompson and a guard making a "head count." Plaintiffs filed an administrative grievance over the incident and allege the grievance investigation was improperly conducted. They also allege that petitioner Thompson was injured in the incident and that both petitioners have received "differential treatment" since the incident. Based on these asserted injuries, petitioners brought this action against two correctional facility officials seeking court review of the grievance action and an independent investigation.

Defendants filed a motion to dismiss, asserting that Rule 75 did not apply as a matter of law and that petitioner Nash lacked standing. The parties and the court at first regarded the issues raised by defendants' motion to dismiss as purely legal, and petitioners responded to the dismissal motion with a memorandum of law. However, defendants thereafter filed a counter-memorandum of law with attached exhibits asserting facts concerning the case. The court granted the dismissal motion approximately twenty-four days after defendants filed their memorandum and supporting exhibits and relied on some of defendants' factual allegations in reaching its decision.

Although it may be that petitioners have no case here, we cannot approve of the procedure used by the trial court to so conclude. Vermont Civil Rule 12(c) clearly provides that if

"matters outside the pleadings are presented and not excluded by the court," the motion to dismiss must be treated as one for summary judgment and disposed of under V.R.C.P. 56. See *Bennett Estate v. Travelers Ins. Co.*, 138 Vt. 189, 191, 413 A.2d 1208, 1209 (1980). Further, the court must notify the parties of this changed status. See *id.* There is no question that matters outside the pleadings were presented and considered here. Thus, Rule 56 governed the disposition of the motion.

At this point, multiple difficulties arise. The court never informed the parties of the changed status of the motion. The material presented by defendants was not in the affidavit form normally associated with V.R.C.P. 56(c). Plaintiffs were not given the thirty days to respond as now required by V.R.C.P. 56(c).

It may be, as the defendants allege, that plaintiffs are really seeking an independent investigation of the alleged incident and that such relief cannot be granted by the court. It also may be that plaintiff Nash has no standing. We cannot, however, determine these issues based solely on an inartfully drafted pro se complaint, the only document we can properly consider at this stage. On remand, the court should use the procedures set out in V.R.C.P. 56 to determine whether the undisputed facts show the defects in plaintiffs' case that warrant summary judgment for defendants or, alternatively, that a trial is necessary.

*Reversed and remanded.*