# STATE OF VERMONT
# ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| **In Re: Appeal of Carroll, et al.** | } } } | **Docket No: 3-1-05 Vtec** |

## Decision on Pending Motions

Now pending before this Court is a Motion to Dismiss filed on behalf of Appellee-Applicants CRC Sand and Gravel and Mary Alice Rivers. This appeal was initiated by the filing of a Notice of Appeal on January 3, 2005 by Appellant Patricia Carroll. Another appeal was also filed that same day by Thomas Baribault, purporting to be on behalf of the Jericho Center Citizens for Responsible Growth (JCCRG). The next day (January 4th), Mr. Baribault filed a hand-written letter with the Court, identifying himself and eight other individuals as being part of JCCRG.[1]

On January 12, 2005, Mrs. McNulty (one of the JCCRG members listed by Mr. Baribault) filed an individual Notice of Appeal. That same day, Dennis Pearson, not an identified JCCRG member, filed his individual appeal. The next day (January 13th), Mr. & Mrs. Lindholm, neighbors to the proposed project who are also not identified as JCCRG members, filed their individual Notices of Appeal. In their Motion to Dismiss, Appellee-Applicants request dismissal of all pending appeals.

Appellants Carroll, Pearson and JCCRG (through its non-attorney representatives, Thomas Baribault and James Carroll) have all filed Memoranda in Opposition to the pending Motion to Dismiss. All Memoranda have been accompanied by exhibits. Patricia Carroll also filed an Affidavit in support of her memorandum in opposition. Due to these filings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . .." V.R.C.P. 12(c). See also Bennett Estate v. Travelers Insurance Co., 138 Vt. 189 (1980).[2]

---

[1] Mr. Baribault's January 4, 2005 filing lists himself, Jake & Kacie Loeffler, Jeff & Lisa Rector, Chuck Lacy, James Carroll and Tim & Leslie McNulty as the JCCRG members who "wished to be considered Co-Appellants in this appeal." Only Mr. Baribault's signature appears on this filing.

[2] Rule 12(c) also provides that when the Court treats a motion to dismiss as one for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a Motion by Rule 56." To satisfy this Rule, and so as to not cause further delay in the progress of this case, all parties are directed to file

Also pending before the Court are two other Motions: (a) to recognize JCCRG as a statutorily permitted appellant; (b) to allow individual members of JCCRG (namely, Jim Carroll and Thomas Baribault) to substitute for JCCRG as the named appellant(s), in the event JCCRG is not recognized as a statutorily permitted appellant.

We fist address the propriety of recognizing JCCRG as an appellant. The applicable statutory criteria for an entity that wishes to appeal a municipal panel decision can be found in 24 V.S.A. §§ 4465 & 4471. First, the entity must qualify as an "interested person" under § 4465. Second, the entity must satisfy a "participation" test found in § 4471(a).

This Court has previously held that JCCRG does not qualify as an interested person under circumstances similar to the pending appeal. See In re: Appeal of JCCRG, Docket No. 165-9-98 Vtec, slip op. at 1–4 (Vt. Envtl. Ct., May 24, 1999) and In re Appeal of Baribault, Docket No. 123-6-00 Vtec, entry order at 1 (Vt. Envtl. Ct., Sept. 28, 2000). As in those previous cases, JCCRG here failed to submit a petition to the municipal panel from which they appealed, signed by at least 10 of its claimed members, as required by 24 V.S.A. § 4465(b)(4).[3] In fact, the JCCRG Notice of Appeal was only signed by Mr. Baribault. Since he is not an attorney, he does not have the authority to sign on behalf of the other eight named JCCRG members.[4]

Mr. Baribault attempts to cure the statutory deficiency in JCCRG's standing by asserting in his reply memorandum that JCCRG "has been an occupant (office, storage, meetings) of space in the area of the proposed 5 lot subdivision and therefore it individually claims 'interested party' status." However, Mr. Baribault's attempt falls short of fulfilling the statutory definition. 24 V.S.A. § 4465(b)(1) & (3) define an "interested person" as one who either owns title to or occupies property in the immediate neighborhood of the proposed development. We believe that

with the Court within 30 days from this Decision all additional (i.e.: not already before the Court) materials that would be relevant and pertinent to the issues addressed herein. The Court will thereafter consider whether any new filings warrant a reconsideration of this Decision. The parties are directed to also file their reconsideration requests within such 30 day period.

[3] The present case concerns an appeal on an application for final subdivision approval originally filed with the Jericho Planning & Zoning Board on September 15, 2004. Changes to the statutory provisions that govern the definitions for interested persons became effective July 1, 2004 and therefore control this case. The previous Environmental Court cases cited above were controlled by the predecessor statute: 24 V.S.A. § 4464.

[4] We note that if we were to recognize JCCRG as an appellant in this case, we would require the group to obtain counsel, since it is apparent from Mr. Baribault's course of conduct in this and prior Environmental Court proceedings that he does not meet the standards for non-attorney representation established by our Supreme Court in Vermont Agency of Natural Resources v. Upper Valley Regional Landfill Corp., 159 Vt. 454 (1992). This Court provided an identical admonishment to JCCRG and its then representative, Jim Carroll in the prior JCCRG appeal, (Docket No. 165-9-98 Vtec, slip op. at 4, footnote 4 (Vt. Envtl. Ct., May 24, 1999)

these statutory requirements require more than the casual use of property that Mr. Baribault's assertion suggests. We therefore conclude that JCCRG is not entitled to interested person status in this proceeding.

Although Appellees' Motion to Dismiss does not give specific reference, it is in the nature of a V.R.C.P. 12 (b)(1) motion: Appellees allege that the various Appellants' failures to conform to the statutory and procedural requirements for instituting an environmental court appeal leaves this Court without jurisdiction to hear this matter.

"The timely filing of a notice of appeal by a qualified appellant is jurisdictional. If a timely notice of appeal was filed by one or more persons qualified to file an appeal under 24 V.S.A. §4464(b) [now 24 V.S.A. §4465(b)], then the Court may consider whether to add additional parties thereafter. If no timely appeal was filed, or if one was filed by persons not qualified to file an appeal under 24 V.S.A. §4464(b), then the Court has no jurisdiction to consider motions to amend or to intervene, because it has not acquired jurisdiction of the appeal." In re: Appeal of Emanuel, et al., Docket No. 24-1-00 Vtec (Vt. Envtl. Ct., March 21, 2000).

Our initial focus in this appeal must therefore be on what appeals were timely filed to initiate this appeal and whether those parties were qualified to file the appeal. The DRB decision being appealed from here was issued on December 2, 2004. Thus, the final date that a notice of appeal could be filed to initiate an action in this Court would have been Monday, January 3, 2005. We must therefore focus our analysis upon the filings of JCCRG and Patricia Carroll, as they are the only entities that filed appeals on or before the filing deadline. As this Court previously stated in Emanuel, supra, this Court will have jurisdiction to entertain motions to amend, substitute or modify notices of appeal only if the JCCRG and Carroll filings as of January 3rd satisfied the standing requirements of 24 V.S.A. §4465(b).

We have already determined that JCCRG does not satisfy the criteria for interested party status in 24 V.S.A. §4465(b). Anticipating this determination, Mr. Baribault, joined by Mr. Carroll, request that they be substituted as appellants for JCCRG. But their request for substitution was filed with the Court on March 7, 2005.[5] We therefore are jurisdictionally

---

[5] The substitution request was included in Messrs. Baribault & Carroll's Opposition to Motion to Dismiss Motion to Recognize JCCRG.

prohibited from considering the substitution requests, at least until we determine that a qualified party filed a timely appeal.

As to Mrs. Carroll, there is little doubt that her appeal was timely filed. However, a further legal question remains: do her actions, or the actions now alleged to have been taken on her behalf, qualify her to be an interested party under 24 V.S.A. §4465(b)?

Mrs. Carroll concedes that she did not participate on her own behalf in the hearings on Appellee's September 15, 2004 application for final subdivision approval. Rather, she asserts that her husband, Jim Carroll, made comments and presented documentation on her behalf.[6] But the record below is absent of any reference to Mr. Carroll's testimony or documents being offered on his wife's behalf. While it may have been Mr. or Mrs. Carroll's intention that his comments and documents were to be on her behalf as well, it was incumbent upon either Mr. or Mrs. Carroll to announce their intentions. Their failure to do so meant that no other party (Applicant included) was provided with notice that Mrs. Carroll was participating in the DRB proceedings. Without such notice, we can only conclude that the comments and documents offered by Mr. Carroll were offered on his behalf only.

Mrs. Carroll did attend and participate in the hearings on an earlier application by the Appellee here for preliminary site plan approval. But those hearings in which Mrs. Carroll participated resulted in an approval that was granted in October, 2003. No party to that proceeding, including Mrs. Carroll, appealed that decision.

Many Vermont municipalities require separate applications for preliminary and final site plan approval for what is essentially a single request from a property developer: may I be permitted to subdivide this property. These separate applications can often cause multiple filings in this Court, since appellants often file appeals from preliminary determinations, fearful that they would lose their appeal rights by waiting until the final determination is made. It would be procedurally more efficient, for the parties and this Court, if preliminary and final determinations could be considered as one. Unfortunately, we find no statutory authority to do so. Therefore, we cannot look to Mrs. Carroll's participation in the preliminary proceeding to satisfy her statutory requirement of participation in the final subdivision approval here.

---

[6] Mr. Carroll and other parties also assert that Mr. Carroll acted on Mrs. Carroll's behalf by way of a power of attorney. No such power of attorney has been supplied to this Court.

We therefore conclude that Mrs. Carroll cannot be considered a proper appellant. As no party filed a timely notice of appeal, we are therefore left without jurisdictional authority over this proceeding.

We recognize that other parties subsequently appeared or cross-appealed in this proceeding and have substantive concerns regarding the proposed development. It is unfortunate that the case will not be decided on its merits. But the importance of respecting the jurisdictional limits of this Court requires the decision rendered here.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Appellee's Motion is **GRANTED,** thereby dismissing all pending appeals, with prejudice.

Dated at Berlin, Vermont this 26th day of August, 2005.

_____
Thomas S. Durkin,
Environmental Judge