**Vermont Superior Court**
**Filed 10/20/25**
**Bennington Unit**

VERMONT SUPERIOR COURT

Bennington Unit
207 South St
Bennington VT  05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02316

---

**Jeremy VanDerKern v. Board of Trustees of Burr and Burton Academy**

---

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss  (Motion: 1)
Filer:          Pietro J. Lynn
Filed Date:     July 11, 2025

Plaintiff Jeremy VanDerKern claims that Defendant, the Board of Trustees of Burr and Burton Academy, violated his employment agreement when it did not renew his teaching contract for a second school year.  Mr. VanDerKern claims that the Board failed to comply with the statutory process of 16 V.S.A. § 1752, as mentioned in the agreement, and that nonrenewal required just cause, which the Board did not have.

The Board filed a motion to dismiss for failure to state a claim.  V.R.C.P. 12(b)(6).  It argues 16 V.S.A. § 1752 does not apply to Mr. VanDerKern because Burr and Burton Academy is an independent school, and 16 V.S.A. § 1752 governs dismissal of public school teachers.  Therefore, there is no claim Mr. VanDerKern can bring on that ground.  The Board also asserts the employment agreement grants the school wide discretion in the decision not to renew a teacher.  Therefore, the school's reason for not renewing Mr. VanDerKern was just cause, and the Board did not breach the contract.

### Procedural Standard

A motion to dismiss for failure to state a claim faces a high bar.  "A motion to dismiss for failure to state a claim is not favored and rarely granted."  *Gilman v. Me. Mut. Fire Ins. Co.*, 2003 VT 55, ¶ 14, 175 Vt. 554 (mem.).  "The legal theory of a case should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations."  *Ass'n of Haystack Prop. Owners, Inc. v. Sprague*, 145 Vt. 443, 447, 494 A.2d 122, 125 (1985).  The court takes the nonmoving party's factual allegations from the complaint as true and assumes the movant's contravening assertions are false.  *Huntington Ingalls Indus., Inc. v. Ace Am. Ins. Co.*, 2022 VT 45, ¶ 17, 217 Vt. 195.  The court "also accept[s] all reasonable inferences that may be drawn from those facts."  *Ferry v. City of Montpelier*, 2023 VT 4, ¶ 22, 217 Vt. 450 (internal quotation marks omitted).  The court only grants a motion to dismiss when "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief."  *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997) (internal quotation marks omitted).

In addition to the contents of a complaint, documents relied on in a complaint merge into the pleadings, and the court may take judicial notice of court decisions or documents without converting the 12(b)(6) motion into one for summary judgment. *In re Russo*, 2013 VT 35, ¶ 16 n.4, 193 Vt. 594. The record for Rule 12(b)(6) purposes generally is limited to the four corners of the complaint and any attachments to it. *Nash v. Coxon*, 152 Vt. 313, 314–15, 565 A.2d 1360, 1361 (1989) ("[I]f matters outside the pleadings are presented and not excluded by the court, the motion to dismiss must be treated as one for summary judgment" (internal quotation marks omitted)). As discussed above, however, documents sufficiently referred to and relied upon in the complaint may properly be considered in a motion to dismiss even if not attached to the complaint. See *Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 10 n.4, 186 Vt. 605 (mem.).

To support the motion to dismiss, the Board attached full copies of the arbitrator's decision and the employment agreement the school used during the 2022–2023 school year, documents which Mr. VanDerKern directly quoted and relied on in his complaint. The court takes judicial notice of these two documents as part of the pleadings in this case.

### Allegations of the Complaint

On May 4, 2022, Mr. VanDerKern entered into an employment contract with the Board as a cinematography teacher for the school year running from August 20, 2022 to August 19, 2023. According to the employment contract, all conditions of employment were as provided in the *Agreement Between the Board of Trustees of Burr and Burton Academy And the Burr and Burton Academy Teachers' Association 2022–2027* and as required by law.

Article V of the agreement governed contract renewal. A contract would be renewed if the school administration determined that a teacher had performed satisfactorily. *Agreement*, art. V.A. at 11. No teacher could be denied renewal of their contract except for just and sufficient cause. *Agreement*, art. V.E. at 12. The grounds for just and sufficient cause listed in the Agreement was a non-exhaustive list of four items regarding teacher performance and behavior, and a fifth item "Reduction in Staff," which had its own article of proceedings and seniority retention requirements. *Id.*; *Agreement*, art. XXV at 26–27. Teachers who worked at the school for three years or fewer, which applied to Mr. VanDerKern, were categorized as transitional teachers. *Agreement*, art. V.F. at 12. If a transitional teacher's contract was not renewed due to unsatisfactory performance, the transitional teacher did not have a right to the grievance procedures for long term-teachers listed in Article XXIX. *Id.* Instead, "[a]ny transitional teacher may appeal a non-renewal of contract under the provisions of Title 16, V.S.A., Section 1752 b."[1] *Id.* at 12–13.

At the end of the 2022–2023 school year, school administration notified Mr. VanDerKern the school would not renew his contract due to a "precipitous decline in interest in [BBA's] cinematography program." *Compl.* at ¶ 7.

---

[1] There is no 16 V.S.A. § 1752 b, however the parties' pleadings indicate a mutual understanding that the statutory section was 16 V.S.A. § 1752(b) (2021) as then in force on May 4, 2022, when Mr. VanDerKern was hired. See 2021, Adj. Sess., No. 111, § 1 (eff. May 11, 2022) (act creating current statute).

Mr. VanDerKern filed a grievance on March 27, 2023 and "also sought to appeal the non-renewal pursuant to 16 V.S.A. § 1752." *Id.* at ¶ 9. The headmaster denied the grievance as Article XXIX did not apply to transitional teachers and stated the school was not bound by 16 V.S.A. § 1752, as the school was not a public school. Nevertheless, Mr. VanDerKern continued to attempt to follow the grievance procedures, appealing his termination to the Board, again mentioning he sought an appeal under 16 V.S.A. § 1752. The school then advertised a cinematography teaching position via all-employee email and posted the open position to the SchoolSpring website. At some point later, it hired a new teacher for the 2023–2024 school year. After the school posted the open teaching position, the Board refused Mr. VanDerKern's grievance as a transitional teacher, and asserted the school was not bound by 16 V.S.A. § 1752. Mr. VanDerKern continued to follow the grievance process by submitting a demand for arbitration to the headmaster which cited the Board's failure to meet with him "on or before 04/20/23 as required by 16 V.S.A. § 1752c."[2] *Id.* at ¶ 20.

The Board did not respond, and Mr. VanDerKern filed his demand with the American Arbitration Association. On June 27, 2023 the Board offered Mr. VanDerKern a hearing. Mr. VanDerKern notified the Board that he was moving forward with arbitration. The arbitrator concluded that Mr. VanDerKern did not have a right to arbitration because he was a transitional teacher. The Master Agreement granted the right to arbitrate nonrenewal to teachers who had worked at the school for four or more years, but not the transitional teachers who had only worked at the school for three or fewer years. Mr. VanDerKern then notified the Board of his intent to pursue his claims though legal means. Mr. VanDerKern filed his complaint with this court.

## Analysis

Mr. VanDerKern proceeded to arbitration when he did not have a right to arbitration under the Master Agreement. It appears the arbitrator decided she did not have authority under the Master Agreement to arbitrate the case. She also made findings to support that decision. Based on the current record, the court cannot determine the effect of these findings when the arbitrator found she did not have the authority to arbitrate. As this is a motion to dismiss and the record is undeveloped, the court will not address the arbitration decision at this time. The court will first address the statutory claim and then address the breach of contract claim.

First, the Board argues that it is not bound by 16 V.S.A. § 1752, as the school is not a public school, and on its face, the statute applies only to public schools. See 16 V.S.A. § 1752(b) (2021). The statute section which is relevant to the Master Agreement began: "Unless otherwise negotiated, *a teacher under contract to teach in a public school* whose contract is not to be renewed for the ensuing year shall be notified in writing, setting forth the grounds therefor, no

---

[2] Parties refer to 16 V.S.A. § 1752(c) in their pleadings, as that is where most of the language of 16 V.S.A. § 1752(b) (2021) has been relocated after the May 11, 2022 amendment. The court will only consider the language of the statute at the time the parties agreed to be bound. See *Northwood AMC Corp. v. Am. Motors Corp.*, 139 Vt. 145, 149, 423 A.2d 846, 849 (1980) (holding contract provision which deleted all provisions in a franchise contract contrary to state law would not delete contract provisions which became contrary to laws passed after the onset of the contract).

later than April 15." 16 V.S.A. § 1752(b) (2021) (emphasis added). The section lists the full procedures for appealing nonrenewal, referring to the clerk of the school board, and school directors, before stating the different procedural standards for teachers categorized as probationary and nonprobationary, and defining the difference between those categories based on time spent working for Vermont public schools, and number of written performance evaluations. *Id.* The conflicts in definitions and terms between the Master Agreement and the statute would make nearly half of this subsection irrelevant and unenforceable in this case, if Mr. VanDerKern could bring a claim. With constant reference to the public schools, and the listed procedures flowing from general public school organization, the language of 16 V.S.A. § 1752(b) (2021) did not confer any right for teachers at private schools to appeal a nonrenewal. 16 V.S.A. § 1752(b) (2021). Dismissal on the claim of a violation of statute is granted.

However, taking Mr. VanDerKern's allegations in the complaint as true, and drawing all reasonable inferences from those allegations, Mr. VanDerKern has potentially brought a claim because the school did not follow the procedures outlined in 16 V.S.A. § 1752(b) (2021). All pleadings must be construed to do substantial justice, V.R.C.P. 8(f), and the court will not deny hearing a relevant claim pleaded on novel undeveloped grounds. See *Montague v. Hundred Acre Homestead*, LLC, 2019 VT 16, ¶ 11, 209 Vt. 514.

While the statute itself does not apply to this employment agreement, the school may have voluntarily bound itself to use those procedures for the benefit of transitional teachers. For example, parties often agree in contract to be bound by the laws of specific jurisdictions where they would not normally be subject to them. See *Stamp Tech, Inc. v. Lydall/Thermal Acoustical, Inc.*, 2009 VT 91, ¶ 23, 186 Vt. 369. Both parties agree they entered into a contract where "[a]ny transitional teacher may appeal a non-renewal of contract under the provisions of Title 16, V.S.A. Section 1752 b." *Mot. Dismiss* at 3. The Board stated the reference to 16 V.S.A. § 1752 in the Master Agreement was intended to treat 16 V.S.A. § 1752 as a procedural standard, at least in some respects. *Def's Reply* at 2 ("The Agreement provided the standards for non-renewal, and . . . it references 16 V.S.A. § 1752 as a procedure to dispute non-renewals").

On the pleadings, there appears to be a promise to follow a statute. According to the statute, if a person requested a hearing on the nonrenewal of their contract, the statute granted them a right to a hearing within 15 days of making the request. 16 V.S.A. § 1752(b) (2021). Mr. VanDerKern apparently requested a hearing and did not receive an offer of a hearing within 15 days.

At this early stage of the pleadings, where there is a novel claim on the face of the facts, the court would be reluctant to grant dismissal of the entire legal theory. *Montague v. Hundred Acre Homestead*, LLC, 2019 VT 16, ¶ 11, 209 Vt. 514. "[T]he rules allow a plaintiff to plead over if she has omitted essential elements and require the court to take the plaintiff's allegations as true on a motion to dismiss, so as not to unfairly prejudice the plaintiff before she has any opportunity to develop the case." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1. Equally, defendants must have clear pleading to know what claims they defend against. V.R.C.P. 8(a). To balance these interests, the court grants leave for Mr. VanDerKern to amend his pleadings. V.R.C.P. 15(a).

Second, the Board argues the school had wide discretion under the Master Agreement not to renew any teacher, and therefore never breached the contract with Mr. VanDerKern when it did not renew him. As to whether there is a cognizable claim here, the court looks to the contested clause of the contract. The agreement first guarantees that all nonrenewals will only occur for just cause. Then it lists example grounds of just cause nonrenewal.

> The language of this list is not limiting:
>> Grounds constituting cause include, but are not necessarily limited to, the following:
>> 1. Incompetence.
>> 2. Conduct which impairs his ability or effectiveness as a teacher.
>> 3. Failure to attend to duties or failure to carry out reasonable policies, orders and directives of supervisory personnel.
>> 4. Physical or mental disability which impairs his ability or effectiveness as a teacher as indicated in writing by competent medical authority and concurred by the Head.
>> 5. Reduction in staff.

*Agreement*, art. V.F. at 12. The purpose of this article is to inform employees what kinds of conditions can result in the nonrenewal of their contract. Therefore, it must be assumed that a just cause outside of the listed grounds reasonably relates back to one of those types of grounds listed. That way, an employee may take guidance from the document as to what they need to do to avoid nonrenewal, while an employer is spared from having to list every single eventuality of just cause. If the reason why the Board did not renew Mr. VanDerKern's contract does not reasonably relate back to the types of just cause listed, then Mr. VanDerKern has a claim on that ground.

The reason given by school administration for nonrenewal was "precipitous decline in interest in the program." This means the cause stemmed from the students' interest in that program. The first four causes listed under Article V.E. are primarily predicated on teacher behavior, and not the choices of the students. Given the current facts, there does not reasonably appear to be a connection between the reason given by the school, and the first four types of just causes.

Since the school advertised for the position after giving Mr. VanDerKern notice, and filled the position for the upcoming year, a jury could find that the reason given for firing was not motivated by a desire for staff reduction either, which is the only non-behavioral just cause not to renew the contract. The procedures in Article XXV, which govern "Reduction in Staff," also do not seem to have been followed here, making it even more unlikely that the reason given to Mr. VanDerKern for nonrenewal is covered under the fifth type of just cause. See *Agreement*, art. XXV.C.–H. Mr. VanDerKern appears to have a claim for breach of contract on this ground should all the facts pleaded in the complaint be true, and no other facts surface in the discovery process.

**Order**

For the foregoing reasons, the Board's motion to dismiss is granted in part, and denied in part. Mr. VanDerKern is directed to file any amended pleadings within fourteen days. The Board shall have fourteen days from that filing to respond.

**Signed electronically October 17, 2025 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**