Vermont Superior Court
Filed 12/11/25
Windsor Unit

VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02185

| Brian Rogers et al v. Steven Rogers |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss  (Motion: 4)
Filer:          Everett M. Secor, Esq.
Filed Date:     September 18, 2025

### Decision on Defendant's Motion to Dismiss

This is an unusual residential eviction action.  Plaintiffs/Landowners Barbara Rogers and Brian Rogers are seeking to evict Defendant Steven Rogers from a mobile home on the property that also includes the home in which Barbara and Brian live.[1]  Brian and Steven are adult brothers; Barbara is their mother.  Plaintiffs served Steven with a notice to vacate for no cause.  Steven has refused to vacate, prompting this case.  With his answer, Steven has asserted counterclaims styled as illegal eviction, financial exploitation of a vulnerable adult, retaliation, consumer fraud, and for betterments.

In earlier proceedings, the court (Corbett, J.) denied Plaintiffs' motion for payment of rent into court as well as Steven's motion for a temporary restraining order and a preliminary injunction.

Thereafter, Steven filed the pending motion to dismiss Plaintiffs' claim for eviction, arguing that Plaintiffs lack a legal basis for the termination of his tenancy because (1) the notice of termination cites a statute that does not exist ("Title 9 V.S.A. § (e))") and (2) the complaint alleges that the rental agreement is oral only but cites 9 V.S.A. § 4467(e) in support of a no-cause eviction, while § 4467(e) applies in the circumstance of written leases only.  Steven suggests that these issues improperly force the tenant to speculate as to what the notice really might intend to convey.  Steven also argues (3) that the notice unlawfully sought to terminate the tenancy in the middle of a rental period, which is year-to-year (as he sees it).  Finally, Steven argues (4) that the notice is nonsensical insofar as it seeks to terminate the tenancy while at the same time increasing the amount of rent for the tenancy following the termination date.

Steven's motion is less than clear as to the procedural standard under which he seeks dismissal, particularly because he seeks to introduce new facts to the record and makes no effort at compliance with summary judgment procedure.  In opposition, Plaintiffs expressly

---

[1] Because the parties all share the same last name, the court refers to them by their first names.

characterize Steven's motion as seeking dismissal for failure to state a claim, V.R.C.P. 12(b)(6), but then also seek to introduce new facts to the record that the Rule 12(b)(6) procedural standard would not permit.

In the circumstances, the only sensible construction of Steven's motion is to treat it as seeking Rule 12(b)(6) dismissal for failure to state a claim. There is no other dismissal standard that might cogently apply.[2] The court disregards all evidence the parties have sought to introduce beyond the allegations of the complaint and the two exhibits filed with it. The court declines to convert the motion to dismiss to one seeking summary judgment as any such conversion would be wholly improvident on this record. See V.R.C.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

A motion to dismiss for failure to state a claim faces a high bar. The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also 5B A. Benjamin Spencer, et al., Fed. Prac. & Proc. Civ. § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

The record for Rule 12(b)(6) purposes generally is limited to the four corners of the complaint and any attachments to it. See *Nash v. Coxon*, 152 Vt. 313, 314–15 (1989) ("[I]f matters outside the pleadings are presented and not excluded by the court, the motion to dismiss must be treated as one for summary judgment." (internal quotation and citation omitted)). There

---

[2] To the extent that one might argue that the court lacks subject matter jurisdiction, V.R.C.P. 12(b)(1), because the notice to terminate is defective, the court disagrees. A defective notice may mean that the cause of action fails on the merits; it does not mean that the court lacks the power to make that determination. See *Vermont Hum. Rts. Comm'n v. Town of St. Johnsbury*, 2024 VT 71, ¶ 13 ("Subject-matter jurisdiction 'refers to a tribunal's power to hear a case,' not to 'whether the allegations the plaintiff makes entitle him to relief.'" (citation omitted)).

is a limited exception: documents sufficiently referred to and relied upon in the complaint may properly be considered in a motion to dismiss even if not attached to the complaint. See *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 10 n.4, 186 Vt. 605; *Parada v. Banco Indus. De Venez., C.A.*, 753 F.3d 62, 67–68 (2d Cir. 2014) (decision on whether to exclude extra-record documents or transition motion to summary judgment is discretionary).

The Vermont Supreme Court has recognized the "principle that the tenant cannot be put in the position of having to speculate on the meaning and legal effect" of a notice to terminate. *Andrus v. Dunbar*, 2005 VT 48, ¶ 13, 178 Vt. 554. That principle manifestly serves the interest in fairness; it is not an invitation to gamesmanship. The Court has emphasized that "technical accuracy in the wording of a notice [to terminate a tenancy] is not required but the notice must be so certain that it cannot be *reasonably* misunderstood." *Hawaiian Elec. Co. v. DeSantos*, 621 P.2d 971, 975 (Haw. 1980) (emphasis added), cited in *Andrus*, 2005 VT 48, ¶ 13; see also *J & K Tile Co. v. Wright & Morrissey, Inc.*, 2019 VT 78, ¶ 22, 211 Vt. 179 (more generally rejecting the old "sporting theory of justice"); *First Nat. Bank of Bos. v. Silberdick*, 146 Vt. 209, 211 (1985) (same); *Castle v. Sherburne Corp.*, 141 Vt. 157, 167 (1982) (same).

Particularly when viewed through the Rule 12(b)(6) standard, the notice to terminate is in no way confusing or equivocal in some manner such that it would leave a *reasonable* tenant in a state of doubt as to the landlord's intentions. The notice plainly provides: "You are hereby notified that your tenancy will terminate for no cause, and you must vacate the rental premises on or before **April 30, 2025**." It goes on to say: "In the event you fail to vacate the premises by April 30, 2025, the monthly rent due for the premises will increase to $1,250.00 per calendar month, or any part thereof. In addition to the increase in rent, our office is directed to commence proceedings for ejectment/eviction in the Windsor Superior Court and we will be requesting that rent be paid into Court. We will be seeking interest and costs, in addition to the relief set forth above, in the event we are required to commence formal proceedings."

There are not two ways to reasonably interpret the notice. It provides a date certain for the tenant to vacate for no-cause. It also announces that if the tenant fails to comply with the termination date, then the rental amount will increase to a certain monthly rate while the landlord files suit to evict the tenant.

To the extent that Steven has argued that the notice or any other conduct by Plaintiffs is so confusing or equivocal that he is unable to discern their intentions, the motion is denied. To the extent that he argues that the notice is invalid because it seeks to terminate the tenancy for no cause in the middle of his year-to-year rental period, the motion is denied because the fact of a year-to-year rental period is an extra-record fact that is not cognizable under Rule 12(b)(6).

In that regard, Steven has made the following representation in his motion: "In denying Plaintiffs' Motion for Rent Escrow on July 30th, 2025, the court found that under Defendant's year-to-year rental agreement beginning in November, Plaintiffs lacked a basis to demand rental payments on a monthly basis or to institute a rent increase in the middle of a rental period."

Motion to Dismiss at 2 (filed Sept. 18, 2025).  The court has listened to the recording of the July 30 hearing, at the end of which the court (Corbett, J.) made findings and conclusions on the record.  Judge Corbett did *not* find that there was a year-to-year rental agreement or that there was any lack of an ability to "institute a rent increase in the middle of a rental period."  See generally V.R.C.P. 11(b).  As to the motion to pay rent into court, he found that there was no rent currently due, and there was no "meeting of the minds" between Plaintiffs and Steven as to the purported rent increase in the termination notice.  That is it.

To be clear, he did not even expressly determine that there has ever been a rental agreement between the parties subject to the Residential Rental Agreements Act, 9 V.S.A. §§ 4451–4475.  The Act expressly does not apply to the "occupancy of a dwelling unit without right or permission by a person *who is not a tenant*."  9 V.S.A. § 4452(a)(9) (emphasis added).  A tenant is "a person entitled under a rental agreement to occupy a residential dwelling unit to the exclusion of others."  9 V.S.A. § 4451(10).  A rental agreement "means all agreements, written or oral, embodying terms and conditions concerning the use and occupancy of a dwelling unit and premises," *id*. § 4451(8), that contemplates the payment of rent, which includes "all consideration to be made to or for the benefit of the landlord under the rental agreement, not including security deposits," *id*. § 4451(7).  The Act thus applies when there is a contract between a landlord and a tenant in which the tenant pays rent in exchange for the right to exclusive occupancy of a dwelling unit and premises.

The court makes no determination here, but for the benefit of the parties going forward, it points out that whether there has even been such an agreement between the parties in this case is by no means clear and certainly was not determined at the July 30 hearing.  There, the testimony was to the effect that, with Plaintiffs' permission, Steven moved onto the premises after he divorced and his son needed housing or Steven needed a Royalton residence for his son's school purposes.  As far as the testimony at the hearing went, the arrangement was completely gratuitous among family members in its origins.  At some point, Steven began contributing more or less to the expense of property taxes.  That is as far as the evidence at the hearing went.  Other than that and the presumptions of counsel, there was no clear evidence presented of a contract contemplating the payment of rent in exchange for the right to exclusive occupancy.

The court points this out because this is not the sort of eviction case in which the parties obviously have a rental agreement of some sort, even if its terms are disputed.  And whether there is a rental agreement subject to the Act is an important predicate for how the parties' competing claims are framed.  As this litigation progresses, cogently resolving it will require some clarification of this matter.

## Order

For the foregoing reasons, Steven's motion to dismiss (#4) is denied.

The Court will schedule this case for a final in person hearing and divide the time evenly between the parties.

Dated December 11, 2025.

Electronically signed pursuant to V.R.E.F. 9(d).

_Kerry A. McDonald-Cady_

_____

Kerry A. McDonald-Cady, Superior Court Judge

Vermont Superior Court
Filed 12/11/25
Windsor Unit